!Chief Justice Robertson,
delivered the opinion of the court.
Ttíis writ of error is prosecuted to re* verse a judgment, rendered against the plaintifFin error, in an action of detinue, fora horse, instituted by him against the defendant.
It seems, from the evidence, that after a fieri facias had been delivered to the sheriff, in favor of the defendant, against Samuel B. Crocket, who then owned the horse, the plaintiff obtained the horse from Croc-ket, by exchange, made in good faith; and that the sheriff, after the exchange, levied the execution on the horse, in the plaintiff’s possession, and sold it against the plaintiff’s consent, and at the instance of the defendant who was the purchaser at the sale. It appears, also, that at the time of the exchange, Crocket was a house keeper, and cultivator of the soil, and had no other horse than that now in con-' froversy, and which was a work horse, and that he had no oxen. Upon these facts, the plaintiff insisted, that as the horse was exempt from sale by execution, he (the plaintiff) was not divested of his right, and that the defendant had acquired no title by his purchase. But, the -circuit court instructed the jury, that the'defendant was not bound to know the facts which exempted the horse from execution, and acquired a good title, by his purchase; and, accordingly, the jury found a verdict for the defendant,, and the court gave judgment in his favor.
There can be no doubt, that the horse was exempt-e<^’ *aw’ f,-orn sa*e unc*er the execution. And, it seems to us, as a necessary legal consequence, that the sale, against the consent of the plaiutiif, confer-r<3<^ no *‘^e 011 ^ie purchaser. Prior to the exchange, the horse was not liable to execution. The plaintiff in error, therefore, acquired a tide, unencumbered by any lien resulting from the execution. As then, Crocket had no interest in the horse after the exchange; and, ns the defendant in error, could have acquired by his purchase under execution, no better *235 ■title than Crocket had, at the time of the sale, the cir--suit court erred in its opinion.
Monroe, for plaintiff; Hoggin, for defendant.
Judgment reversed, and cause remanded for a new-trial.